IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUAN MANUEL LANDAVERDE, 263540,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 19-0111-JB-N

LANETTA BANKS,   :

    Defendant.   :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), prior to service of process, for failure to state a claim upon which relief can be granted.

I. **Complaint.** (Doc. 1).

The complaint before the Court was extracted from the Court's file in *Landaverde v. Jefferson Davis Community College,* CA No. 18-0295-TFM-N (S.D. Ala. Mar. 11, 2019) ("*Landaverde I*"), because its allegations bore no relation to the allegations in *Landaverde I.* (Doc. 2; *see Landaverde I*, Doc. 17). The present complaint was filed in *Landaverde I* as

an amended complaint on January 23, 2019. (Doc. 16).

According to the complaint's allegations (Doc. 1), on February 20, 2015, Plaintiff received a write-up for an institutional rule violation of escape without force. (Doc. 1 at 4). Then, on February 24, 2015, at Fountain Correctional Center ("Fountain"), Captain Knight found him not guilty of the charge. (*Id.*).

Discovering that Plaintiff was found not guilty on the institutional escape charge, the sole Defendant, Captain Lanetta Banks, who was at Loxley Work Release, obtained a felony warrant for first-degree escape against Plaintiff, which Captain Knight served on him on March 6, 2015. (*Id.* at 4-5). When Defendant Banks learned Plaintiff was found not guilty on the felony escape charge, she obtained another felony warrant for first-degree escape against him, which Captain Knight served on him on April 4, 2016. (*Id.* at 5). And, on September 20, 2016, he was found not guilty on the second escape charge by Judge Scott P. Taylor. (*Id.*).

Plaintiff contends that Defendant Banks acquired felony warrants charging him twice for the same crime and both times he was found not guilty. (*Id.*). He maintains that Defendant Banks has destroyed him mentally and damaged his character, which resulted in him losing his finger at the cabinetmaking trade shop at Fountain because he was not able to stay focused on his task. (*Id.*). For relief, Plaintiff seeks $2 million from Defendant Banks.

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215,

127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney and gives them a liberal construction. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 566 U.S. 662. The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

III. <u>Discussion</u>.

To be sure, Plaintiff's description of his claims against Defendant Banks is brief. The best that the Court can discern is Defendant Banks obtained two criminal felony warrants against Plaintiff for first-degree escape. (Doc. 1 at 4-5). The first warrant was served on Plaintiff on March 6, 2015, and the second warrant was served on him on April 4, 2016, after Defendant Banks discovered Plaintiff was found not guilty on the first felony warrant. Plaintiff was then found not guilty on the second felony warrant on September 20, 2016. (*Id.* at 5). Plaintiff complains that he was "charged . . . twice for the same crime." (*Id.*).

Aside from the criminal proceedings, Plaintiff was also charged with an institutional

4

rule violation for escape without force. (*Id.* at 4). He was found not guilty in a hearing on the rule violation (i.e., a disciplinary charge). (*Id.*). Defendant Banks is not connected to the disciplinary proceeding in Plaintiff's allegations. Therefore, a § 1983 claim has not been stated against her based on the disciplinary allegations. *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (finding a § 1983 plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a claim).

The dates are important in this case. For a § 1983 action filed in Alabama, the statute of limitations is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir.), *cert. denied, Callahan v. Allen,* 553 U.S. 1098 (2008); *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); Ala. Code § 6–2–38(l). The statute of limitations begins to run when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007) ("the accrual date of a § 1983 cause of action is a question of federal law").

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. *Id.* Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" *Id.*

5

(brackets in original) (quotation and quotation marks omitted).

The present complaint is focused on Defendant Banks obtaining two felony warrants charging Plaintiff with first-degree escape based on the same incident and him being found not guilty on each charge, with the second charge being instituted after he was found not guilty on the first charge. This action therefore appears to be one for malicious prosecution in that Plaintiff is complaining about his prosecutions that allegedly terminated in his favor. *Burgest v. McAfee*, 264 F. App'x 850, 852-53 (11th Cir.) (a favorable termination existed because he was acquitted),[1] *cert. denied*, 555 U.S. 997 (2008); *Whiting v. Traylor*, 85 F.3d 581, 585 n.9 (11th Cir. 1996) (observing that an interests-of-justice termination and a nol-pros termination were not necessarily a favorable termination).

In a malicious prosecution action, "[o]ne element that must be alleged and proved . . . is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994). "[S]o also a § 1983 cause of action for damages . . . does not accrue until the conviction or sentence has been invalidated." *Id.* at 489, 490, 512 S.Ct. at 2374. Thus, Plaintiff's claims based on the first-degree escape charges accrued when he was found not guilty in each instance.

Plaintiff provided September 20, 2016 as the date when he was found not guilty on the second, first-degree escape charge. (Doc. 1 at 5). No date for the first not-guilty

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

verdict is provided. This absence of information though is of no moment. In each instance when Plaintiff was found not guilty on the criminal charge of first-degree escape, he had two years from that date to file a § 1983 action against Defendant Banks. With September 20, 2016, being the date of accrual on the second, first-degree escape charge, Plaintiff had two years within which to file a § 1983 action. However, Plaintiff filed the amended complaint in *Landaverde I* on January 23, 2019, well beyond two years from September 20, 2016.[2]

Then, with September 20, 2016 being the latest date associated with Plaintiff's claims in the complaint, the earlier first-degree escape charge or the disciplinary charge are not being discussed in detail. That is, because these charges occurred before the not-guilty verdict on the second, first-degree escape charge, Plaintiff would also be barred from proceeding on them due to the two-year statute of limitations.

Accordingly, this action was filed beyond the two-year period of limitations from

---

[2] In *Landaverde I,* its original complaint was filed on July 2, 2018. (Doc. 1). A Court-ordered amended complaint was then filed against Defendant Jefferson Davis Community College for the loss of Plaintiff's "pinky" finger on September 7, 2017, which occurred during a furniture-making class. (Doc. 5 at 4, Doc. 14 at 2). Plaintiff had been given a project but was not instructed how to use the planer, was not supervised, and had not received an OSHA safety class. (*Id.*). It was recommended that *Landaverde I* be dismissed without prejudice as frivolous and leave be granted to Plaintiff to file an amended complaint against a state official who violated Plaintiff's constitutional rights that led to his injury. (Doc. 14). Plaintiff filed an amended complaint on January 23, 2019 (Doc. 16), which was extracted and became the complaint in the present action because it concerned the filing of false claims and warrants and not the underlying allegations of *Landaverde I.* (Docs. 17, 18). The recommendation was adopted, and *Landaverde I* was dismissed on March 25, 2019. (Doc. 19).

when Plaintiff's claims accrued. This action is, therefore, barred by the two-year statute of limitations.

IV. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *Jones,* 549 U.S. at 215, 127 S.Ct. at 920-21 ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of

justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this  day of  July 19th , 2019.

                                                      /s/ KATHERINE P. NELSON
                                               **UNITED STATES MAGISTRATE JUDGE**